IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| WILDEARTH GUARDIANS, | ) | |
| | ) | |
| Plaintiff, | ) | CV 17-118-M-DLC |
| | ) | |
| vs. | ) | JOINT MOTION FOR CASE |
| | ) | MANAGEMENT PLAN |
| RYAN ZINKE, in his official capacity as | ) | AND RESPONSE TO THE |
| Secretary of the Interior, *et al.,* | ) | COURT'S NOVEMBER 13, |
| | ) | 2017, SHOW CAUSE |
| Federal-Defendants. | ) | ORDER |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF WYOMING, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |
| | ) | |

Pursuant to this Court's November 13, 2017, order (Doc. 18), the Parties, by and through their undersigned counsel, hereby submit the following Joint Motion for Case Management Plan for resolution of this matter. In support of this Joint Motion for Case Management Plan, the Parties hereby agree and state as follows:

1. Plaintiffs filed this case as a civil action for declaratory and injunctive relief against Federal-Defendants raising claims they contend are brought under the Endangered Species Act (ESA), 16 U.S.C. § 1533 *et seq*., and the Administrative Procedure Act (APA), 5 U.S.C. § 706.

2. The Parties agree that this case will be resolved following the lodging of the administrative record (as outlined below) and through briefing on the merits (summary judgment) and without a trial. As such, this matter is currently exempt from preliminary pretrial statements, discovery plans, and related requirements unless otherwise ordered by the Court. Plaintiffs assert, however, that their claims arising under the ESA are technically not limited to evidence contained in any administrative record prepared in this case.  Although Plaintiffs do not anticipate the need to seek discovery related to their ESA claims, they reserve the right to request to do so. Plaintiffs also reserve the right to seek discovery regarding the sufficiency of the administrative record provided in this case. Federal Defendants' position is that this is an administrative record review case, which should be decided based only on the administrative record for all claims and discovery is not

proper. Federal Defendants reserve the right to oppose Plaintiffs' requests for discovery or move for appropriate relief.

3. This case is not suitable for an alternative dispute resolution program such as arbitration, mediation, or judicial settlement conference. The Parties, however, have conferred and hereby agree to explore settlement in this matter informally, amongst themselves, and have allowed time in the schedule (outlined below) to accommodate such talks.

4. As noted by this Court (Doc. 18), this case involves common questions of fact with four other matters: *Crow Indian Tribe et al v. United States of America et al*, CV 17-89-M-DLC; *Humane Soc'y of the U.S. v U.S. Fish and Wildlife Services et al.*, CV 17-117-M-DLC; *N. Cheyenne Tribe et al. v. Zinke et al*., CV 17-119-M-DLC; and *Alliance for the Wild Rockies et al. v. Zinke et al*., CV 17-123-M-DLC.[1] This case and the four listed above all involve a challenge to the U.S. Fish and Wildlife Service's ("the Service's") 2017 Final Rule delisting the Greater Yellowstone Ecosystem ("GYE") grizzly bear population ("Final Rule.")

5.  All five cases challenging the Service's 2017 Final Rule allege violations of the ESA and APA that may overlap with the each other. However, Plaintiffs

---

[1] On September 8, 2017, another plaintiff, Mr. Robert Aland, appearing *pro se*, filed a complaint challenging the Service's Final Rule in the Northern District of Illinois.  *Aland v. Department of the Interior*, No. 1:17-cv-6501 (N.D. Ill.).  Federal Defendants have moved to transfer *Aland v. Department of the Interior* from the Northern District of Illinois to the District of Montana and are awaiting a decision from that court.

contend that all five cases also raise questions of law (and legal theories) that differ from one another. For these reasons, the Parties agree that all five matters should be consolidated for procedural purposes under Federal Rule of Civil Procedure 42(a)(2), but otherwise retain their separate identity. Plaintiffs respectfully request separate briefing. *See, e.g., Montana Wilderness Association v. Terland*, 9:09-cv-00095-GF-SEH (D. Mont. 2009) (Doc. 3) (order on consolidation); *Defenders of Wildlife v. Jewell*, 14-cv-246-DLC (D. Mont. 2016) (Doc. 10) (order on consolidation); *WildEarth Guardians v. US Department of the Interior*, 14-cv-270-DLC (D. Mont. 2016) (Doc. 13) (order on consolidation). Federal Defendants contend that there is substantial similarity in the claims and that the parties and Court should revisit briefing procedures as well as word limitations once Plaintiffs and Defendant-Intervenors have had a chance to review the administrative record.

6. The Court's November 13 Order stated the Court's interest in not receiving the "same briefs on the same subject" in these cases. Doc. 18 at 3. At this early stage of the case, and without access to the administrative record, the Plaintiffs in the five cases have not fully determined the scope of issues to be raised in summary judgment briefing. All Plaintiffs in the five cases, however, hereby agree to meet and confer to discuss and coordinate briefing with the aim of avoiding duplicative argument and will specifically explore and consider opportunities for adoption of argument or joint briefing on overlapping issues.

Defendant-Intervenors agree to do the same.

7. In addition, the Service may publish a notice in the Federal Register seeking public comment on a recent D.C. Circuit Court of Appeals ruling, *Humane Society of the United States v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), that could affect its June 30, 2017, grizzly Final Rule.  It is likely that Federal Defendants will move for a stay of proceedings during the pendency of this administrative process.  Plaintiffs have indicated that they are likely to oppose any request for a stay of proceedings.

8. The Parties have agreed to the case management schedule outlined below.

WHEREFORE, the Parties respectfully request that this Court issue an Order approving the following schedule for resolution of this case:

**1.  Motion for Stay**

If Federal Defendants intend to move for a stay of proceedings, such motion shall be filed no later than 14 days after any notice is published in the Federal Register regarding the Final Rule. Plaintiffs reserve the right to oppose Federal Defendants' motion for stay.  Any briefing should proceed in accordance with Local Rules or as otherwise directed by the Court.

**2.  Administrative Record:**

Federal Defendants shall produce the Administrative Record for the Final Rule for counsel by January 5, 2018.[2]  Because the record is likely to be voluminous, the parties agree that it would be most efficient and economical for the record to be served by Federal Defendants in electronic format. A copy of the record will be sent to each counsel of record.

### 3.  Disputes Regarding the Sufficiency of the Administrative Record or the Need for Extra-Record Evidence:

On or before March 5, 2018, Plaintiffs shall notify Federal Defendants whether Plaintiffs believe the Administrative Record is complete, requires supplementation with additional materials, or whether Plaintiffs will seek discovery regarding the sufficiency of the record.  Should a dispute arise regarding the Administrative Record, the applicability of any exceptions to record review, or any asserted need for judicial review of extra-record materials, the Parties will attempt to negotiate a resolution. The Parties shall file a status report by March 23, 2018, notifying the Court that either: (a) they have reached an agreement on the administrative record and intend to proceed to summary judgment briefing as set forth in paragraph 4 below; (b) they need more time to negotiate regarding the record; or (c) Plaintiffs intend to file a motion to resolve the record dispute. Any

---

[2] Federal Defendants reserve the right to move to supplement the Administrative Record or file a new Record for any subsequent administrative process if warranted. Plaintiffs reserve the right to oppose any such requests.

such motion shall be filed by April 13, 2018. Briefing on any such motion shall proceed in accordance with Local Rules or as otherwise directed by the Court.

### 4. Summary Judgment Briefing Schedule:

Due to the number and complexity of the claims involved in this action, the parties respectfully request that the Court adopt the following briefing schedule for summary judgment briefing:

i.   Plaintiffs shall move for summary judgment not later than 45 days following the date the record for judicial review is determined to be complete and filed with the Court, either by stipulation of the parties or by Court order on a motion filed pursuant to paragraph 3 above.[3]

ii.  Federal Defendants and Defendant-Intervenors shall file their cross-motions for summary judgment and opposition to Plaintiffs' motion not later than 45 days after the filing of Plaintiffs' motion.

iii. Plaintiffs shall file their reply brief and/or opposition to the Federal Defendants and Defendant-Intervenors' cross-motions within 45 days after the filing of Defendants' cross-motions and/or opposition briefs.

---

[3] Plaintiffs in *Crow Indian Tribe et al. v. United States*, No. 9:17-cv-00089 (D. Mont. June 30, 2017) and Federal Defendants have agreed to bifurcate and stay Plaintiffs' claim under the Religious Freedom Restoration Act (RFRA) pending resolution of the APA and ESA claims.

iv.  Federal Defendants and Defendant-Intervenors shall file their reply brief within 30 days after the filing of Plaintiff's reply and opposition brief.

The parties submit that the above schedule will facilitate the timely, efficient, and economical resolution of this action. Accordingly, good cause exists for granting this motion and adopting the parties' proposed schedule.

Respectfully submitted this 29th day of November, 2017

/s/ Matthew K. Bishop
Matthew K. Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 324-8011 (tel.)
(406) 443-6305 (fax)
bishop@westernlaw.org

/s/ John R. Mellgren
John R. Mellgren
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Tel: 541-359-0990
mellgren@westernlaw.org

/s/ Kelly E. Nokes
Kelly E. Nokes
WildEarth Guardians
P.O. Box 7516
Missoula, Montana 59807
Tel: 406-209-9545
knokes@wildearthguardians.org

***Counsel for Plaintiff***

JEFFREY H. WOOD
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

SETH M. BARSKY, Chief
MEREDITH L. FLAX, Ass't Section Chief

*/s/ Coby Howell*
COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, Oregon 97204-2902
Tel: (503) 727-1023 | Fax: (503) 727-1117
Email:  Coby.Howell@usdoj.gov

MICHAEL R. EITEL, Sr. Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Tel: (303) 844-1479 | Fax: (303) 844-1350
Email: Michael.Eitel@usdoj.gov

**Attorneys for Federal Defendants**